UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division



| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : |
| v. | : Civil No. _____ |
| | : **MJG 13 CV 1285** |
| $65,500 in U.S. Currency (Haimed), | : |
| Defendant. | : |

...oooOooo...

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, United States of America, through undersigned counsel, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against U.S. currency that is the proceeds of unlawful trafficking in cigarettes or is proceeds of drug trafficking and is forfeitable pursuant to 18 U.S.C. section 981 and pursuant to 21 U.S.C. section 881.

## THE DEFENDANT IN REM

2. The defendant is $65,500 in U.S. Currency seized by the Maryland State Police from Fares Haimed in Cecil County, Maryland, on February 2, 2012 (hereinafter, the "Defendant Currency").

3. The seizure of the Defendant Currency subsequently was adopted by United States Customs and Border Protection (CBP). The Defendant Currency is presently in the custody of CBP in Maryland.

1

## JURISDICTION AND VENUE

4.   Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. section 1345, over an action for forfeiture under 28 U.S.C. section 1355(a), and over this particular action under 18 U.S.C. section 981 and 21 U.S.C. section 881.

5.   This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. section 1355(b).

6.   Venue is proper in this district pursuant to 28 U.S.C. section 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. section 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7.   The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. section 881 because it constitutes and is derived from proceeds traceable to a violation of 21 U.S.C. section 841. The Defendant Currency is money that constitutes proceeds traceable to the transportation and sale of contraband cigarettes in violation of 18 U.S.C. section 2342(a), and, therefore, should be forfeited to the United States of America pursuant to 18 U.S.C. section 981(a)(1)(C). It is also property involved in a transaction or attempted transaction in violation of 18 U.S.C. section 1956(a)(1)(A)(i) and, therefore, should be forfeited to the United States of America pursuant to 18 U.S.C. section 981(a)(1)(A).

## FACTS

8.   The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Robert Cameron, Special Agent, Homeland Security Investigations, which is incorporated herein by reference.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Currency be cited to appear herein and answer the Complaint; that the Defendant Currency be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the Department of Homeland Security dispose of the Defendant Currency according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Dated: April 29, 2013.

                Respectfully submitted,

                Rod J. Rosenstein
                UNITED STATES ATTORNEY
                District of Maryland

                Richard C. Kay
                Assistant U.S. Attorney
                36 South Charles Street
                Fourth Floor
                Baltimore, MD 21201
                410 209-4800

## **VERIFICATION**

I, Richard C. Kay, declare under penalty of perjury as provided by 28 U.S.C. section 1746, that the foregoing Complaint for Forfeiture *in rem* is based on reports and information furnished to me by Homeland Security Investigations, and that everything contained therein is true and correct to the best of my knowledge and belief.

                Richard C. Kay, Esq.
                Assistant U.S. Attorney
                United States Attorney's Office
                District of Maryland

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $65,500.00 in United States Currency.

I, Robert J. Cameron, special agent of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, Office of the Special Agent in Charge, Baltimore declares there are sufficient facts to support a reasonable belief that the $65,500 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On February 2, 2012 at approximately 1:13 p.m. Corporal (Cpl) Joseph Catalano of the Maryland State Police (MSP) Proactive Criminal Enforcement team stopped a rented 2011 Chrysler Town and Country minivan (the "Vehicle") bearing North Carolina registration AHV6433 traveling southbound on Interstate 95 near Northeast, Maryland for exceeding the maximum speed limit. The operator of the Vehicle was identified as Fares Ahmed Haimed ("Haimed")

b. It was discovered that the Vehicle was a rental car and the rental agreement was in the name of Haimed. Haimed rented the Vehicle from National Car Rental at Laguardia Airport, New York at 2:00 a.m. on February 2, 2012. The rental was for two nights and the Vehicle was due to be returned on Saturday February 4, 2012.

c.  Hiamed told Cpl Catalano he was traveling to North Carolina to visit family over the weekend. Cpl. Catalano described Haimed as nervous and there was no luggage in the vehicle and several blankets were observed on the floor.

d.  Since this behavior was consistent with individuals engaged in the smuggling of contraband, Cpl. Catalano conducted a K-9 scan of the vehicle with his K-9 Kelsey. K-9 Kelsey alerted to the passenger side for the presence of narcotics.

e.  Cpl Catalano and PACE team member Trooper First Class (Tfc) Josh Seiders subsequently conducted a probable cause search of the vehicle. The search resulted in the recovery of two black grocery bags containing large amounts of US Currency.

f.  The currency was concealed in an overhead compartment and a natural void in the rear driver's side interior above the rear tire.

g.  While roadside Haimed admitted to troopers the money belonged to his cousin Youssef and Haimed was transporting the money on Youssef's behalf to Durham, North Carolina. Haimed further claimed the money was derived from several businesses.

h.  The currency was seized and Haimed was advised by troopers he could drive to the Maryland State Police John F. Kennedy Highway Barrack voluntarily to obtain a receipt for the money.

i.  At 3:12 p.m. HSI Special Agent Cameron advised Haimed of his Miranda rights. Haimed waived his right to counsel and remain silent and provided the following details. Haimed claimed he was born in Yemen and became a Naturalized US citizen in 1991 at the INS

in New York City. Haimed resides at 24 Joralemon Street, Suite GR28, Brooklyn, New York 11362. Haimed was identified by his New York driver's license # 615333985.

j. Haimed provided the following account to SA Cameron as to how the seized currency was derived, Haimed and another cousin, Yousef Kaid ("Kaid) were involved in the purchase of a tobacco store in North Carolina. Haimed claimed he collected the $65,500 seized by the MSP seized from a third party known to Haimed only as "ASHAMIR" on behalf of Kaid. The money was owed by ASHAMIR to Kaid from a loan and was to be used as part of the down payment for the tobacco store.

k. Haimed claimed to have transported $30,000 of his own money to North Carolina in January 2012 and the balance due was what he was transporting this time for Kaid, a resident of Durham, North Carolina. Haimed was unsure regarding the name of the tobacco store and believed it was "WORLD TOBACCO" in North Ruxson, NC. Haimed claimed he and Kaid had a verbal agreement with the owner of WORLD TOBACCO to provide $125,000 to pay for their share of the business but could not provide the name of the present owner or the address of the store. Haimed could not provide any paperwork related to the business purchase.

l. At no point did Haimed claim the seized currency was his. Haimed claimed he and Kaid were supposed to meet with the "WORLD TOBACCO" owner on Monday, February 6, 2012 to complete the business deal. SA Cameron asked Haimed how that would happen if the rental was due back to National Car rental on February 4. Haimed stated in the past he often dropped off rentals in North Carolina, paid a fee, and flew back to New York.

m. When questioned by SA Cameron about the lack of luggage in the rental and why there were only blankets; which is consistent with being used to conceal narcotics when involved in contraband smuggling, Haimed claimed the blankets were to be used when he slept at his cousin's and had no excuse for the lack of luggage.

n. When questioned as to why the money was concealed in a natural void in the rear driver's side wheel well and overhead compartment he claimed he was scared to transport that much currency.

o. A criminal history check on Haimed did not reveal any prior criminal record.

p. On November 26, 2012, a check for wages and employment was conducted for Haimed; no wages in any of the fifty states could be found.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $65,500.00 U.S. CURRENCY FROM FAIRES HAIMED ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Robert J. Cameron
Special Agent
Homeland Security Investigations

**MEMORANDUM**

| | |
|---|---|
| DATE: | April 30, 2013 |
| TO: | Paula M. Rigby<br>U.S. Customs and Border Protection |
| FROM: | Naquita C. Ervin<br>FSA Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **$65,500 U.S. Currency**<br><br><u>Civil Action No.</u><br>**CATS ID 12-CBP-000219 – 2012-1303-000734-01** |

The United States has filed a forfeiture action against **$65,500 U.S. Currency.** A copy of the Complaint for Forfeiture is attached.

Notice of this seizure will be published at <u>www.forfeiture.gov</u> pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

Thank you.

Attachment

# Department of Homeland Security
*Federal Law Enforcement Agencies*
## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER<br>MJG 13 CV 1285 |
|---|---|
| DEFENDANT<br>$65,500 U.S. Currency (Haimed) | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual, Company, Corporation, Etc. to Serve or Description of Property to Seize |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code) |

| Send NOTICE OF SERVICE copy to Requester:<br><br>Naquita Ervin, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland 21201 | Number Of Process To Be Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Arrest property. Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [X] Plaintiff<br>[ ] Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Apr 30, 2013 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total # of Process Indicated. | District of Origin No. | District to Serve No. | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [ ] PERSONALLY SERVED, [ ] HAVE LEGAL EVIDENCE OF SERVICE, [ ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[ ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [ ] A Person of suitable age and discretion then residing in the defendant's usual place of abode. | | |
|---|---|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [ ] AM<br>[ ] PM |
| | Signature, Title and Treasury Agency | | |

REMARKS:

TD F 90-22.48 (6/96)

Make (5) copies after form is signed. SEND ORIGINAL + 4 COPIES to TREASURY AGENCY. Retain Copy #5 for your file.